UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WINBURN, a/k/a SCOTT LIBBY,

    Plaintiff,                             Civil No. 5:07-15440
                                           HONORABLE JOHN CORBETT O'MEARA
v.                                         UNITED STATES DISTRICT JUDGE

THOMAS E. JACKSON, et. al.,

    Defendants,
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S CIVIL RIGHTS COMPLAINT AND TRANSFERRING CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

**I. Introduction**

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court will deny plaintiff's complaint, because it fails to state a claim upon which relief can be granted. This Court further construes plaintiff's action as a second or successive petition for habeas relief and will transfer the matter to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

**II. Standard of Review**

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. Absent either element, a section 1983 claim will not lie. *Hakken v.*

1

*Washtenaw County*, 901 F. Supp. 1245, 1249 (E.D. Mich. 1995). Under the Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997). If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should *sua sponte* dismiss the complaint." *Id.* at 612. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *See McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

### III. Complaint

On January 9, 1992, plaintiff was convicted of first-degree murder, assault with intent to commit murder, and felony-firearm, following a jury trial in the Wayne County Circuit Court. On appeal, plaintiff's first-degree murder conviction was reduced to second-degree murder, and his other convictions were affirmed. *People v. Winburn,* 450 Mich. 861, 539 N.W.2d 376 (1995).

In 1997, plainitff filed a post-conviction motion for relief from judgment with the trial court, which was denied. The Michigan appellate courts denied plaintiff leave to appeal.

In 1999, plaintiff filed a petition for writ of habeas corpus with the United States District Court for the Eastern District of Michigan, in which he challenged these

convictions. The petition was denied on the merits. *Winburn v. Curtis,* No. 99-CV-72667 (E.D. Mich. January 31, 2001); *app. dism.* No. U.S.C.A. 01-1328 (6th Cir. November 21, 2001).

Plaintiff claims that in 2001 or 2002, a private investigator retained by his family allegedly obtained information that another man, Timothy W. Taylor, had confessed to the shootings for which plaintiff had been convicted. The private investigator also obtained information that these shootings had been orchestrated by the Medellin drug cartel of Columbia. Plaintiff claims that he attempted to file a second motion for relief from judgment with the trial court, in which he sought relief from his convictions on the ground that Taylor's purported confession proved that plaintiff was innocent of the charges. Plaintiff claims that Judge Thomas E. Jackson, one of the defendants in this case, summarily denied his post-conviction motion, on the ground that plaintiff's evidence was not newly discovered, so as to permit the filing of a second or successive post-conviction motion pursuant to M.C.R. 6.502(G). Plaintiff filed a motion for reconsideration, which was denied. The Michigan appellate courts denied plaintiff's application for leave to appeal pursuant to M.C.R. 6.502(G). *People v. Winburn,* No. 258661 (Mich.Ct.App. April 7, 2005); *lv. den.* 474 Mich. 972; 707 N.W.2d 207 (2005).

At some point, plaintiff moved for the United States Court of Appeals for the Sixth Circuit to grant him permission to file a second or successive habeas petition. The Sixth Circuit ultimately dismissed plaintiff's action for want of prosecution. *In Re Winburn,* U.S.C.A. No. 1198 (6th Cir. March 31, 2006).

On or about May 22, 2006, plaintiff filed a second petition for writ of habeas corpus with this Court. Plaintiff sought relief from his convictions for second-degree murder, assault with intent to murder, and felony-firearm, on the ground that he had newly discovered evidence, mainly through the confession of Thomas Taylor, which established his innocence for the crimes charged. Plaintiff further claimed that his rights were violated by the trial court's refusal to docket and adjudicate his second post-conviction motion. (Claims # VII and VIII). This Court transferred plaintiff's petition to the United States Court of Appeals for the Sixth Circuit for authorization to file a second or successive habeas petition. *Winburn v. Metrish,* U.S.D.C. No. 2:06-CV-12308 (E.D. Mich. May 25, 2006). The Sixth Circuit ultimately dismissed plaintiff's action for want of prosecution. *In Re Winburn,* U.S.C.A. No. 1788 (6th Cir. September 20, 2006). [1]

Plaintiff now claims that the defendants' refusal to docket and adjudicate his second and successive post-conviction motion has violated his constitutional rights.

## IV. Discussion

Plaintiff claims that his constitutional rights were violated when the defendants refused to allow him to file a second or successive motion for relief from judgment in order to collaterally attack his convictions. Under M.C.R. 6.502(G)(1), a criminal

---

[1] This Court obtained much of this information both from the Internet website for the United States Court of Appeals for the Sixth Circuit, as well as from this Court's docket sheet. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is thus permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003). A district court is permitted to take judicial notice of its own files and records in a habeas proceeding, *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568 (10th Cir. 2000), as well as its own records in a prisoner civil rights case. *See e.g. Mangiafico v. Blumenthal,* 358 F. Supp. 2d 6, 9-10 (D. Conn. 2005).

defendant in Michigan can file only one post-conviction motion for relief from judgment with regard to a criminal conviction. *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999)(citing to *People v. Ambrose*, 459 Mich. 884 (1998)). M.C.R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Hudson,* 68 F. Supp. 2d at 800-01. Plaintiff claims that Judge Jackson violated his constitutional rights when he declined to find that Taylor's purported confession was newly discovered evidence, so as to permit the filing of a second post-conviction motion for relief from judgment. Plaintiff further claims that Defendant A.T. O'Sullivan, the clerk of the court, colluded with Judge Jackson in a number of ways to prevent him from filing his second post-conviction motion.

States have no obligation to provide a system of post-conviction relief to criminal defendants. *See Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987). Plaintiff's claim under § 1983 that he was deprived of access to the courts by the actions of the state trial judge and court clerk during state post-conviction proceedings must fail, because any defects in state post-conviction procedures would not constitute grounds for relief in federal court. *See e.g. Soliz v. Hassett,* 71 Fed. Appx. 331, 332 (5th Cir. 2003); *See also Drew v. Tessmer,* 195 F. Supp. 2d 887 (E.D. Mich. 2001)(State supreme court clerk's refusal to accept postconviction relief movant's untimely application for leave to appeal from state appellate court's denial of his petition to appeal from denial of his

postconviction relief motion did not deny movant his due process or equal protection rights). The Due Process Clause of the federal constitution "does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction." *Abdullah v. Hedrick,* 392 F. 3d 957, 963 (8th Cir. 2004); *See also United States v. Rivera,* 376 F. 3d 86, 92 (2nd Cir. 2004)("A defendant has no due process right to continue to challenge his conviction in perpetuity"). A state may curtail or even abolish collateral review as it pleases, without violating the federal constitution. *See Liegakos v. Cooke*, 106 F. 3d 1381, 1385 (7th Cir. 1997). Accordingly, the state courts' refusal to permit plaintiff to file a second or successive motion for relief from judgment, on the ground that he had failed to establish that he had newly discovered evidence so as to be permitted to do so, fails to state a claim upon which civil rights relief can be granted.

The Court will also once again transfer this matter to the Sixth Circuit for a determination of whether plaintiff should be permitted to file a successive habeas challenge to these convictions. Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Although plaintiff has filed a civil rights complaint in this case, the gist of plaintiff's complaint is that he seeks relief from his criminal conviction on the grounds that he has newly discovered evidence that would prove his innocence of the crimes charged. Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Plaintiff's civil rights complaint is therefore the equivalent of a second or successive habeas petition and must therefore be transferred to the Sixth Circuit for a certificate of authorization pursuant to § 2244(b)(3)(A). A habeas petitioner's motion or filing should be construed as a second or successive habeas petition where "[t]he motion's factual predicate deals primarily with the constitutionality of the underlying state [or federal] conviction or sentence." *In Re Abdur'Rahman,* 392 F.3d 174, 181 (6th Cir. 2004) (citing *Rodwell v. Pepe,* 324 F.3d 66, 70 (1st Cir. 2003)). In this case, regardless of how plaintiff characterizes his action, he is clearly attempting to challenge

7

the constitutionality of his convictions.

Numerous cases have held that where a prisoner's motion or filing is the functional equivalent of a second or successive habeas petition, he or she must obtain permission from the court of appeals before bringing such an action in the district court. *See e.g. Long v. Commonwealth of Kentucky,* 80 Fed. Appx. 410, 414 (6th Cir. 2003)(The provisions of 28 U.S.C. § 2244(b) apply equally to habeas petitions filed by a state prisoner under 28 U.S.C. § 2241, the general habeas statute); *Byrd v. Bagley,* 37 Fed. Appx. 94, 95 (6th Cir. 2002)(same); *Brennan v. Wall,* 100 Fed. Appx. 4, 5 (1st Cir. 2004)(state prisoner's second habeas petition would be properly denied, notwithstanding prisoner's attempt to classify action as falling under All Writs Act, since petition was successive attempt to obtain relief from state judgment); *Kutzner v. Montgomery County,* 313 F. 3d 339, 341 (5th Cir. 2002)(civil rights action filed by state prisoner, seeking to compel state officials to produce biological evidence for DNA testing on theory that, by refusing to release such evidence, officials violated his constitutional rights by preventing him from gaining access to exculpatory evidence excluding him as perpetrator, was, in effect, a challenge to validity of his capital murder conviction, and was properly denied as a successive habeas petition); *Fugate v. Department of Corrections,* 301 F. 3d 1287, 1288 (11th Cir. 2002)(civil rights complaint which was filed by state prisoner seeking relief from sentence of death as cruel and unusual punishment was functional equivalent of second habeas petition, which district court lacked jurisdiction to consider because prisoner had not applied to the Court of Appeals for permission to file successive

application).

In this case, the primary factual predicate underlying plaintiff's complaint involves a challenge to the constitutionality of his convictions. Although plaintiff has disguised his action as a civil rights complaint, the complaint should be construed as a second or successive habeas petition for which a certificate of authorization is required.

Plaintiff's complaint is the functional equivalent of a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization. It is appropriate for the Court to consider the issue of this complaint being a second or successive petition *sua sponte,* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

Finally, because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the action as being time barred, rather than transfer it to the Sixth Circuit, because to do so in the absence of a certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gatekeeping provisions. *Corrao v. United States*, 152 F. 3d 188, 190-91 (2nd Cir. 1998); *See also Gonzalez v. United States,* 135 F. Supp. 2d 112, 121 (D. Mass. 2001).

## V. ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that plaintiff's civil rights complaint is **DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915(A).

9

IT IS FURTHER ORDERED that the Clerk of the Court transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631, 28 U.S.C. § 2244(b)(3)(A) and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), for a determination of whether plaintiff should be permitted to file a subsequent habeas petition .

                                            s/John Corbett O'Meara
                                            United States District Judge

Date: January 07, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 7, 2008, by electronic and/or ordinary mail.

                                            S/William Barkholz
                                            Case Manager