UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WINBURN, a/k/a SCOTT LIBBY,

    Plaintiff,

v.

THOMAS E. JACKSON, et. al.,

    Defendants,
_____/

Civil No. 5:07-15440
HONORABLE JOHN CORBETT O'MEARA
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION AND/OR TO ALTER OR AMEND JUDGMENT AND THE MOTION FOR A STAY OF PROCEEDINGS

On January 7, 2008, the Court denied plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983, because it failed to state a claim upon which relief could be granted. The Court further construed plaintiff's action as a second or successive petition for habeas relief and ordered that the matter be transferred to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition. *See Winburn v. Jackson,* No. 2008 WL 108888 (E.D. Mich. January 7, 2008). Before the Court is plaintiff's motion for reconsideration and/or to alter or amend judgment. For the reasons stated below, the motion for reconsideration and/or to alter or amend judgment is DENIED. The Court will likewise deny plaintiff's related motion for a stay of proceedings.

A motion to alter or amend judgment brought by a *pro se* prisoner pursuant to Rule 59 (e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a

1

motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001); *See also Williams v. McGinnis*, 192 F. Supp. 2d 757, 759 (E.D. Mich. 2002). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Williams,* 192 F. Supp. 2d at 759; *MCI Telecommunications Corp. v. Michigan Bell Telephone Co.,* 79 F. Supp. 2d 768, 797 (E.D. Mich. 1999). A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Plaintiff's motion for reconsideration and/or alter or amend judgment will be denied, because plaintiff is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied plaintiff's civil rights complaint and ordered that the matter be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631, 28 U.S.C. § 2244(b)(3)(A) for a determination of whether plaintiff should be permitted to file a successive habeas application. *Hence,* 49 F. Supp. 2d at 553.

Because plaintiff is not entitled to reconsideration of this Court's order, the Court will likewise deny plaintiff's related motion for a stay of proceedings.

**ORDER**

Based upon the foregoing, IT IS ORDERED that the motion for reconsideration and/or to alter or amend judgment [Dkt. Entry # 6] is **DENIED.**

IT IS FURTHER ORDERED that the motion for a stay of proceedings [Dkt. Entry # 7] is **DENIED.**

                                                      s/John Corbett O'Meara
                                                      United States District Judge

Date: January 28, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 28, 2008, by electronic and/or ordinary mail.

                                                        s/William Barkholz
                                                      Case Manager